# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### Western DIVISION

**Andrew Stephen Drazdik Jr.**
(Enter Above the Name of the Plaintiff in this Action)

1:20 CV 509

J. BARRETT

vs.

**Kao Corporation**
(Enter above the name of the Defendant in this Action)

MJ. LITKOVITZ

If there are additional Defendants, please list them:

Vince Fischer P.E. Jergens U.S.A. Inc.
Keith Pings P.E. Jergens U.S.A. Inc.
Bill Gentner CEO. Jergens U.S.A. Inc.

**COMPLAINT**

FILED
RICHARD W. NAGEL
CLERK OF COURT
U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI
20 JUN 31 PM 1:22

I. Parties to the action:

Plaintiff: Place your name and address on the lines below. The address you give must be the address where the court may contact you and mail documents to you. A telephone number is required.

**Andrew Stephen Drazdik Jr.**
Name - Full Name Please - PRINT

**313 Sunview Avenue**
Street Address

**Jeannette, PA 15644-2950**
City, State and Zip Code

**412 245 8496**
Telephone Number

If there are additional Plaintiffs in this suit, a separate piece of paper should be attached immediately behind this page with their full names, addresses and telephone numbers. If there are no other Plaintiffs, continue with this form.

Defendant(s):

Place the name and address of each Defendant you listed in the caption on the first page of this Complaint. This form is invalid unless each Defendant appears with full address for proper service.

1. __Kao Corporation__
Name - Full Name Please

__14-10 Nihombashi Kayabacho, Tokyo Japan__
Address: Street, City, State and Zip Code  〒103-8210

2. __Kao U.S.A H.Q.__
__2535 Spring Grove Ave.__

3. __Cincinnati, Ohio 45202__

4. __> Legal Counsel to reference stakeholders:__
__Vince Fisbher P.E.__

5. __Keith Pings P.E.__

6. __Bill Gentner C.E.O.__

If there are additional Defendants, please list their names and addresses on a separate sheet of paper.

II. Subject Matter Jurisdiction

Check the box or boxes that describes your lawsuit:

☐ Title 28 U.S.C. § 1343(3)
[A civil rights lawsuit alleging that Defendant(s) acting under color of State law, deprived you of a right secured by federal law or the Constitution.]

☐ Title 28 U.S.C. § 1331
[A lawsuit "arising under the Constitution, laws, or treaties of the United States."]

☑ Title 28 U.S.C. § 1332(a)(1)
[A lawsuit between citizens of different states where the matter in controversy exceeds $75,000.]

☐ Title _____ United States Code, Section _____
[Other federal status giving the court subject matter jurisdiction.]

III. Statement of Claim

Please write as briefly as possible the facts of your case. Describe how each Defendant is involved. Include the name of all persons involved, give dates and places.

Number each claim separately. Use as much space as you need. You are not limited to the papers we give you. Attach extra sheets that deal with your statement claim immediately behind this piece of paper. See, all enclosures

Drazdik, Jr. Andrew, Title: Pro Se Complaint: "Cognieable" Anti-Trust Evidence 15 U.S. Code 6211(1)

Jurisdiction: 410 Anti-Trust Dispute over $75,000.00
Causes of Action: Diversity (28 U.S. Code 1332)

1. ...fiscal years 1999, 2000, bidding process for interested party [19 U.S. Code 1677(9)], "On Going Concern" of a Company (1 U.S. Code 5.) namely Bristol-Myers Squibb as asset in control doing business by trade name Claicolun"

2. "Merger Specific Efficiencies" were not cognizable that human capital involved beyond the scope of merger acquistion budgeted estimations, therefore were reckless to the "On Going Concern" of the company (1 U.S. Code 5), The Andrew Jergens Company, speculation of intangible property...

3. ...Statutory law as U.S. Const. Pub. L. for fairness by Anti-Trust litigation... see Fed. Rules Civil Procedure, under Sherman Anti Trust Act; Clayton Act; Anti-Trust Civil Process Act; Int'l. Anti-Trust Enforcement Assistance of 1994

See, US DOJ Anti-Trust exemption FOIA rules, reg., and laws for abuse of discretion.
Fed. Rules Civil Procedure

(3.)

# Pro Se Complaint: "Cognizable" Anti Trust Evidence 15 U.S. Code 6211(1)

In the United States District Court for the Southern District of Ohio Western Division at Cincinnati

**Name and Address, Plaintiff:**

Leesburg Lane Appartments
(Residence in Hamilton County, Ohio during employment years 1998-2000)
3815 Brotherton Road
Cincinnati, Ohio ~~45209~~ ~~45214~~ 45209

Andrew Stephen Drazdik Jr, (current home resident address since Oct. 2010)
313 Sunview Avenue
Jeannette, PA 15644-2950
Drazdikjr@gmail.com, Tel. no. 412-245-8496

Rule 3 Commencement of Action U.S. District Court Southern District Ohio

Vs.

**Name and Address, Defendants:**

**Social Responsibility Committee**
**Legal Compliance Division**
Kao Corporation HQ
14-10 Nihonbashi Kayabacho
Tokyo, Tokyo 103-8210 Japan

Kao USA Headquarters
2535 Spring Grove Avenue
Cincinnatti, Ohio ~~45202~~ > 45214

- CAGE 21543, DUNS 004251617, NAICS 325620

# Pro Se Complaint: "Cognizable" Anti Trust Evidence 15 U.S. Code 6211(1)

**Jurisdiction: 410 Anti-Trust**

The U.S. Court should hear my concern for this dispute that was over $75,000 when merger acquisition involved intangible work that was ordered during the fiscal years of the bidding process that Constitutional anti-trust Constitutional laws were expected to perform by the laws of the United States States of America.

**Causes of Action: Diversity (28 U.S. Code 1332)**

Affidavit: During the fiscal years 1999 to 2000 of bidding process for the interested party [19 U.S. Code sec. 1677(9)], "On Going Concern" of a Company (1 U.S. Code sec. 5) namely Bristol-Myers Squibb as asset in control doing business by trade name Clairol in the market segment of consumer care products and inventory of branded retail products. The Kao Corporation of Tokyo Japan provided an asset bid within my division of research and development that I was exposed to data market analysis for the bidding process that my expenses, and salary were calculated from asset liability of operations within the budgeted variances attested by the controller of the Company namely The Andrew Jergens Company (Now doing business as Kao USA Inc.).

The Anti-trust jurisdictional authority is of importance regarding the vertical analysis during the fiscal years due to the burden on the U.S. Government by the Kao Corporation and evidence under the laws evident to the U.S. Attorney for Anti Trust Evidence [15 U.S. Code 6211(1)], within the scope of merger analysis corporate liability for human capital and employment trade skills by miscellaneous provision of the Clayton Act [15 U.S. Code § 27 Effect of partial invalidity].

Request for Admission: Due to the nature of the budget variance assets for normal operations of the R&D activities and current known value chain (supply chain) for normal balances of the balance sheet by internal auditors and users as management accounting. The intangible value of the "On Going Concern" for prospect bidding beyond what the inventory value of the merger company division Clairol may have claimed as a capital leverage, was in fact as operational research for asset management within different segments of the Kao Corporation portfolio and headquarters employment, human capital management, and investor relations for Corporate Financial Responsibility [15 U.S. Code sec. 7241. Corporate responsibility for financial reports]. Asset market value from accounting expert opinion, and economist price arbitrage estimation can only understood within the scope of asset management for operational leverage, physical inventory, and intangibles such as trade mark, copyright, patent that agreements by terms and conditions of interstate commerce as factual audit objective evidence "vertical analysis" between R&D budget variances of fiscal years 1999, 2000, 2001.

Allegations: "Merger Specific Efficiencies" were not cognizable that human capital involved beyond the scope of merger acquisition budgeted estimations therefore were reckless to the "On Going Concern" of the company (1 U.S. Code sec. 5), The Andrew Jergens Company, speculation of intangible property deemed worthless after amortization of 10 years, and as purely an operational expense within the research and design considered by upstream markets for vertical analysis by U.S. Attorney's Office and jurisdictional competence. (See, Commentary on horizontal guidelines. hyper-link USDOJ Anti-trust pgs 49-53)

# Pro Se Complaint: "Cognizable" Anti Trust Evidence 15 U.S. Code 6211(1)

Reference to the request for admission at the time of the merger acquisition for the Clairol division, statutory law as U.S. Constitutional public laws for fairness by Anti-Trust litigation were applied:

- Sherman Anti Trust Act (15 U.S. Code § 4. Jurisdiction of courts; duty of United States attorneys; procedure)
- Clayton Act (15 U.S. Code § 24. Liability of directors and agents of corporation)
- Anti-Trust Civil Process Act (15 U.S. Code § 1313 - Custodian of documents)
- International Antitrust Enforcement Assistance Act of 1994 (15 U.S. Code § 6203. Jurisdiction of district courts of United States)

Reference: FRCP Rule 36: Copy of a document https://www.law.cornell.edu/rules/frcp/rule_36

Legal Note FRCP Rule 59: Altering and or Amending a Judgment,... take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment; https://www.law.cornell.edu/rules/frcp/rule_59

**Jurisdictional Government Enforcement:**

**U.S. Government Department of Justice**
Antitrust Division, Office of Operations
950 Pennsylvania Avenue, NW
Room 3322
Washington, D.C. 20530
https://www.justice.gov/atr/merger-enforcement

Commentary on horizontal guidelines. Pub. FTC USDOJ 2006, From U.S. Dept. Justice website Anti-Trust
https://www.justice.gov/atr/file/801216/download

**Japan Fair Trade Commission**
100-8987 1-1-1
Kasumigaseki, Chiyoda-ku, Tokyo,Japan
Tel: +81-3-3581-1998
https://www.jftc.go.jp/en/policy_enforcement/mergers/index.html

# Pro Se Complaint: "Cognizable" Anti Trust Evidence 15 U.S. Code 6211(1)

See, all enclosures:

1. Drazdik Jr, Andrew. Letter Kao Corporation, Valenti Salon (Mr. Vincent Fischer consulting P.E.), and Keizai Doyukai. Labor Standards Act Law number: Act No. 49 of 1947, Amendment : Act No. 42 of 2012 (Japan). November 28, 2017

2. Drazdik Jr, Andrew. Letter Kao Corporation (Investor Relations). 18th February 2019

See USDOJ Antitrust — Drazdik Jr, Andrew. Letter Kao Corporation, Japan Medical Social Welfare Ass., Intl. Social Service Japan. Professional Engineer Act Act No. 25 of April 27, 1983; ISO/ IEC 2382: 2015 (accountability; accuracy). Feb 25, 2019

See USDOJ Antitrust — Drazdik Jr, Andrew. Memorandum on Politically Exposed Persons by Principles of United Nations Instruments. Self Pub. Document 3rd April 2019

~~Drazdik Jr, Andrew. Letter to Ministry of Finance Japan. 3rd April 2019~~

3. Drazdik Jr, Andrew. Letter Kao Corporation, Keizai Doyukai, METI IP Gmail. 22nd June 2020

4. Drazdik Jr, Andrew. Letter Kao Corporation Contact us (Investor Relations). 22nd June 2020

(Japan Government. Regulation for Enforcement of the Immigration Control and Refugee Recognition Act. (Ministry of Justice Order No. 54 of Oct. 28 1981)) Law

5. Kao USA Inc. Human Rights Memorandum: Supply Chain Act 2010. From website

6. U.S. Government. MEMORANDUM OPINION FOR THE GENERAL COUNSEL DEPARTMENT OF COMMERCE. APPLICABILITY OF 18 U.S.C. § 207(f) TO PUBLIC RELATIONS ACTIVITIES UNDERTAKEN FOR A FOREIGN CORPORATION CONTROLLED BY A FOREIGN GOVERNMENT. U.S. Department of Justice. John P. Elwood 13th Aug. 2008

7) OSHA Complaint no 31530462

8) Proctor & Gamble Agrees to Acquire Clairol for $4.95 B (U.S.) The New York Times. Ed. Andrew Ross Sorkin. 22nd May 2001

9) Japan's Kao May Have Winner In Decision To Bid for Clairol. Ed. Yumiko Ono. The Wall Street J. 10th May 2001

10) Drazdik Jr, Andrew. Letter to Kao Corporation. 3rd April 2019

11) 2nd Amended Complaint Case no 20-549 U.S. Dist. Court W. PA (Copy)

4 | Page

# Pro Se Complaint: "Cognizable" Anti Trust Evidence 15 U.S. Code 6211(1)

**I. Relief**, FRCP Rule 5.1:

- Writ of Mandamus for letters effectual to provisions of Constitutional Anti-Trust law to be accepted as "statements" for Corporate Ethics Responsibility when beyond the scope of the job description for "scientist" terms and conditions of insured work.

    The letters as "statements" (17 U.S. Code § 104 Subject matter of copyright National origin) have ethics involved by the U.S. Attorney's Office to produce any claim that the Executive Committee members of the Kao Corporation corresponded that the "non-cognizable" efficiency of the merger acquisition analysis, and "statements" were involved by investor relations and duty of care by insured professional engineers, auditor controllers, directors, and officers of The Andrew Jergens Company (Currently known as Kao USA Inc.) with state government of the State of Ohio as licensed professionals, and insurance performed without negligence;

- Writ of Mandamus during fiscal year 2000 under the insured liability any "indemnification" correspondence for work done by instruction with Jergens R&D Bldg. Cincinnati, Ohio for production of any document, report, memorandum, and or inter-office communication that was not involved by manufacturing, quality services, research and design for products as "On Going Concern" as evidence that gave protection to chemical technicians, and other lay worker.

    (Key principles Keith Pings P.E. Vice President R&D; Vince Fischer P.E. R&D; Bill Gentner CEO)


Pro Se (Litigant): Andrew Stephen Drazdik Jr                Date:

Signature:

PA Drivers no. 23 079 422

Enclosed filing fee: $400.00 (US) to "CLERK, UNITED STATES DISTRICT COURT".

United States Courts Southern District of Ohio Western Division at Cincinnati:

United States District Court Clerk's Office
Potter Stewart U.S. Courthouse
Room 103, 100 East Fifth Street
Cincinnati, Ohio 45202

# Pro Se Complaint: "Cognizable" Anti Trust Evidence 15 U.S. Code 6211(1)

**Certificate of Service:**

Reference FRCP Rule 5: notice…similar paper https://www.law.cornell.edu/rules/frcp/rule_5

Enclosure, Page 6

```
=========================================
              IRWIN
           140 MAIN ST
        IRWIN, PA 15642-7901
            413956-0642
           (800)275-8777
         06/29/2020 01:08 PM
=========================================
=========================================

Product              Qty   Unit      Price
                           Price

First-Class Mail®     1    $0.70     $0.70
Letter
    Domestic
    CINCINNATI, OH  45214
    Weight:0 Lb 1.90 Oz
    Estimated Delivery Date
    Thursday 07/02/2020
Certified                            $3.55
    USPS Certified Mail #
    70142120000065384229
Return Receipt                       $2.85
    USPS Return Receipt #
    9590940258010034635326
First-Class Intl      1    $2.24     $2.24
Letter
    International
    Japan
    Weight:0 Lb 1.90 Oz
Cert of Mail                         $1.50
    Affixed Amount:$0.00
Affixed Postage                    ($1.85)
    Affixed Amount:$1.85
-----------------------------------------
Total:                               $8.99
-----------------------------------------

Debit Card Remit'd                   $8.99
    Card Name:VISA
    Account #:XXXXXXXXXXXX7039
```



USPS Certificate Of Mailing

From: Andrew Drazdik Jr
313 Sunview Avenue
Jeannette, PA 15644-2950

To: Legal Compliance Anti Trust
Kao Corporation H.Q.
14-10 Nihonbashi Kayabach
Tokyo, JAPAN 7103 8210

PS Form 3817, April 2007 PSN 7530-02-000-9065

Postmark IRWIN JUN 29 2020 $1.50



U.S. Postal Service™ CERTIFIED MAIL® RECEIPT
Domestic Mail Only

CINCINNATI OH 45214   OFFICIAL USE

Postage $3.55
Certified Fee $2.85
Return Receipt Fee (Endorsement Required) $0.00
Restricted Delivery Fee (Endorsement Required) $0.00
$0.70
Total Postage & Fees $7.10

7014 2120 0000 6538 4229

Sent To: Kao USA Inc. Anti Trust
Street & Apt. No., or PO Box No.: 2535 Spring Grove Av.
City, State, ZIP+4: Cincinnati, OH 45214

Postmark: IRWIN PA 15642 06/29/2020

IV. Previous lawsuits:

If you have been a Plaintiff in a lawsuit, for each lawsuit state the case number and caption.
(Example, Case Number: 2:08-cv-728 and Caption: <u>John Smith</u> vs. <u>Jane Doe</u>).

| Case Number | Caption |
|---|---|
| Civil Case no. 20-549 | Andrew S. Prazdik Jr. vs. U.S. Government |
| | vs. |
| | vs. |

V. Relief

In this section please state (write) briefly exactly what you want the court to do for you. Make no legal argument, cite no case or statutes.

Writ of Mandamus for letters effectual to provisions of Constitutional Anti-Trust law to accepted as "statements" for Corp. Ethics Responsibility when beyond the scope of the job description for "scientist" terms and conditions of insured work.

Writ of Mandamus (during fiscal year 2000) under the insured liability any "indemnification" correspondence for work done [with scope of operating leverage Kao Corporation] by instruction with Jergens R&D Bldg. Cincinnati, Ohio for production of any document, report, memorandum, and or other inter-office communication...

I state under penalty of perjury that the foregoing is true and correct. Executed on this 29th day of June, 2020.

_____
Signature of Plaintiff

Sworn to and subscribed before me
this 29 day of June, 2020.

Commonwealth of Pennsylvania - Notary Seal
Hollah Graham, Notary Public
Westmoreland County
My commission expires August 1, 2022
Commission number 1338440
Member, Pennsylvania Association of Notaries

Commonwealth of Pennsylvania
County of Westmoreland

Hollah Graham

-4-