**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ANDREW STEPHEN DRAZIK, JR.,          Case No. 1:20-cv-509
     Plaintiff,

                             Barrett, J.
   vs.                                    Litkovitz, M.J.

KAO CORPORATION, et al.,              **REPORT AND**
     Defendants.                    **RECOMMENDATION**


On July 1, 2020, pro-se plaintiff filed this action alleging antitrust violations against defendants KAO Corporation, Vince Fischer, Keith Pings, Bill Gentner, and KAO U.S.A. H.Q. As plaintiff paid the filing fee in this matter, he is responsible for service of process in this case. He was required to either serve each defendant with a copy of the complaint and a summons or a notice and request for waiver of service. *See* Fed. R. Civ. P. 4(c), (d).  To date, however, none of the defendants have been served with the complaint in this matter.

Proper service of process is required in order for this Court to obtain in personam jurisdiction over each defendant. *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003).  Plaintiff bears the burden of exercising due diligence in perfecting service of process and of showing that proper service has been made. *Habib v. General Motors Corp.*, 15 F.3d 72, 74-5 (6th Cir. 1994).  *See also Byrd v. Stone*, 94 F.3d 217 (6th Cir. 1996).  In the absence of a showing of good cause justifying the failure to timely serve the complaint, the Court may either dismiss the complaint without prejudice or direct that service of process be effected within a specified time. *See* Fed. R. Civ. P. 4(m).  Rule 4(m) provides, in pertinent part, as follows:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court

must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

On October 20, 2020, the Court ordered plaintiff to show cause, in writing, why the

complaint should not be dismissed against the defendants for failure of service.  (Doc. 5).

Plaintiff filed a response to the show cause order on November 4, 2020.  (Doc. 6).  Plaintiff's

response states:

> In remedy the original complaint use of defendants' legal names for immediate
> cause when issue of expert opinion necessary to comprehend the property in
> question by subpoena process, 15 U.S.C. § 9, to the indispensable party the Kao
> Corporation has jurisdictional controlling authority.  Given court Order To Show
> Cause, please recognize this memorandum of law Motion for  Amendment of claim
> *In Rem*. Redress complaint, *infra*.
>
> Please take notice, "Petition In rem", v. "Kao Corporation, defendant", as custodian
> of those documents, communications, and or records. Merit of the court, when an
> amendment relates back. Fed. R Civ. P Rule 15, sequence of discovery.  Fed. R
> Civ. P Rule 26(d).  Thus, without those experts listed in context of the complaint
> the reference to the ongoing concern of business insurance and burden of
> production under the laws citied as authorities would not be able to be referenced.
> Convenience, and in the interests of Justice.  *See generally*, Fed. R. Civ. P Rule
> 26(d)(3)(B): "discovery by one party does not require any other party to delay its
> discovery".
>
>  *Cf,* [enclosed]
>
>> 1. Letter to U.S. Senator Patrick Toomey, 31st October 2020
>> 2. Serving other process. Rule 4.1, U.S. Crt. Intl. Trade Commission
>> certification, NOTICE, DEMAND for COMPLAINT, 22nd Oct. 2020
>> 3. Letter to U.S. Court Southern District of Ohio Western Div.,
>> Memorandum for Movant of the Court to Expedite Discovery. 29th October
>> 2020

(Doc. 6 at 1-2).

Plaintiff's response to the show cause order does not address the service of process issue,

nor has plaintiff provided any justification for his failure to serve the defendants with process in

this case.  Because plaintiff has not shown good cause for his failure to serve defendants, the

Court should not extend the time for service.

Accordingly, it is therefore **RECOMMENDED** that this case be **DISMISSED** without

prejudice for failure of service.


Date:   11/17/2020

Karen L. Litkovitz
United States Magistrate Judge

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ANDREW STEPHEN DRAZIK, JR.,
    Plaintiff,

    vs.

KAO CORPORATION, et al.,
    Defendants.

Case No. 1:20-cv-509

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4