**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Andrew Stephen Drazik, Jr.,

    Plaintiff,                            Case No. 1:20-cv-509

    v.                                    Judge Michael R. Barrett

KAO Corporation, *et al.*,

    Defendants.

## ORDER

This matter is before the Court on the Report and Recommendation (R&R) issued by the Magistrate Judge on November 17, 2020. (Doc. 8).

The parties were given proper notice under Fed. R. Civ. P. 72(b), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Within the 14-day period, Plaintiff has filed a document captioned, "Motion for Objection Conciliation of Amended Filing." (*See* Doc. 9).

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), determinations by a magistrate judge are subject to review by a district judge. With regard to dispositive matters, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see* 28 U.S.C. § 636(b)(1). The Court has engaged in a de novo review, which is set forth below.

### II. BACKGROUND AND ANALYSIS

As explained by the Magistrate Judge, Plaintiff, proceeding pro se, filed this action on July 1, 2020 and appears to allege antitrust violations against KAO Corporation (a citizen of

1

Japan), KAO U.S.A. H.Q. (a citizen of Ohio), and three individuals, Vince Fischer, Keith Pings, and Bill Gentner.  Plaintiff paid the filing fee in this matter and, accordingly, is responsible for service of process as to each defendant, meaning he must serve each defendant with a copy of the complaint and a summons (Fed. R. Civ. P. 4(c)) or a notice and request for waiver of service (Fed. R. Civ. P. 4(d)).  Observing that no defendant had been served within the 90-day time period specified by Fed. R. Civ. P. 4(m)[1], on October 29, 2020 the Magistrate Judge ordered Plaintiff to show cause why the complaint should not be dismissed without prejudice for failure of service.  (Doc. 5).  Plaintiff filed a response on November 4, 2020 that did not address the service of process issue.  (Doc. 6).  Because Plaintiff did not provide any justification—much less a showing of good cause as required by Rule 4(m)—as to why service has not been perfected, the Magistrate Judge now recommends that this case be dismissed without prejudice.

As noted, within the 14-day period for objections, Plaintiff filed a document captioned, "Motion for Objection Conciliation of Amended Filing."  (*See* Doc. 9).  Relevant to the issue of service, Plaintiff attaches a PS Form 3811[2] addressed to "Attorney for AntiTrust Evidence" at "KAO Corp. H.Q." listing the street address as "2535 Spring Grove Av., Cincinnati OH 45214." (Doc. 9 at PageID 123).  It is signed by "Barb Keyes" and bears a July 7, 2020 delivery stamp. (*Id.*).  Plaintiff also attaches copies of emails (dated October 31, 2020 and November 16, 2020) he sent to KAO Corporation apparently through that portion of its website dedicated to investor relations. (*Id.* at PageID 121, 122).  None of these attachments, however, discharge Plaintiff's obligation under the Magistrate Judge's show cause order.

---

[1] "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . ."  Fed. R. Civ. P. 4(m).

[2] PS Form 3811 (sometimes informally referred to as the "green card") is a domestic return receipt that provides mailers with evidence of delivery.  https://store.usps.com/store/product/shipping-supplies/domestic-return-receipt-P_FORM_3811 (last visited 02/01/2021).

The federal rules of civil procedure regarding service are straightforward. "A summons **must** be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1) (emphasis added). Among other things, a summons tells the defendant the name of the court and the parties, the time within which the defendant must appear and defend, and notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint. Fed. R. Civ. P. 4(a)(1). It is a plaintiff's obligation to present a properly completed summons to the Clerk for signature and seal. Fed. R. Civ. P. 4(b). If there are multiple defendants, a summons must be issued for each defendant to be served. (*Id.*).

Review of the docket confirms that Plaintiff failed to present a properly completed summons to the Clerk as to each defendant for signature and seal. It is possible that he mailed a copy of the complaint to one of the defendants, KAO Corp. H.Q., and that PS Form 3811 confirms delivery of the complaint. But serving the complaint alone is insufficient to perfect service.[3] Further, there is no indication that Plaintiff has attempted service (even of just the complaint) on the other four defendants. Plaintiff offers no explanation for his noncompliance with the federal rules, and, under them, the Court is obligated to dismiss the case.

### III. CONCLUSION

Based on the foregoing and after a de novo review, the Court **OVERRULES** Plaintiff's objections (Doc. 9) and **ACCEPTS and ADOPTS** the Magistrate Judge's November 17, 2020 R&R (Doc. 8) in its entirety. Accordingly, the complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for failure of service. The pending Motion to Expedite (Doc. 7) is **DENIED AS MOOT**. Finally, this case is **CLOSED** and **TERMINATED** from the Court's docket.

**IT IS SO ORDERED**.                    /s/ *Michael R. Barrett*
                                         Michael R. Barrett, Judge
                                         United States District Court

---

[3] Fed. R. Civ. P. 4(h) governs service on a corporation, which differs from service on an individual. Fed. R. Civ. P. 4(f) governs service in a foreign country.